UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT AT HARTFORD

| | |
|---|---|
| LORETTA N. BANSAVICH D/B/A LORI'S MOBIL,<br>　　　　Plaintiff<br><br>VS.<br><br>McLANE COMPANY, INC.,<br>　　　　Defendant | CIVIL ACTION NO.<br><br><br><br><br>MAY 3, 2007 |

## COMPLAINT

**NATURE OF THE ACTION**

1. Loretta N. Bansavich d/b/a Lori's Mobil ("Lori's Mobil" or "plaintiff") seeks compensatory and punitive damages against McLane Company, Inc. ("McLane") arising out of McLane's anti-competitive and exclusionary market activities designed to restrain trade in the market by tying the sale of cigarettes to the sale of other franchise-related products.

**PARTIES**

2. Lori's Mobil is a sole proprietorship operated in Colchester, Connecticut at 79 Middletown Road (the "Business Premises").

3.      Defendant McLane is a Texas corporation, and a wholesale distributor of grocery and related products for the convenience store industry. As a wholesale distributor of grocery and related products, McLane conducts significant business in the State of Connecticut.

**JURISDICTION AND VENUE**

4.      This action is brought under Sections 4 and 16 of the Clayton Act, as amended alleging violations of Section 1 of the Sherman Act, as amended (15 U.S.C. §1) and Section 3 of the Clayton Act (15 U.S.C. §14). This court has jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1337.

5.      Venue in this District is proper under Sections 4 and 12 of the Clayton Act, as amended (15 U.S.C. §§15(a) and 22). Lori's Mobil resides and is found in, and transacts and has transacted substantial business in the State of Connecticut.

**FACTUAL BACKGROUND**

6.      On October 28, 1994, the plaintiff entered into a PMPA Motor Fuels Franchise Agreement for OG&L Dealers with Mobil Oil Corporation ("Mobil") to operate a gasoline station at the Business Premises.

7.      Since 1994, plaintiff has purchased cigarettes, tobacco and miscellaneous products from Manchester Tobacco & Candy Company for sale at the Business Premises.

2

8. On July 1, 1997, plaintiff entered into a Convenience Store Franchise Agreement with Mobil ("July 1, 1997 Agreement") to operate a "Mobil on the Run" convenience store (the "Convenience Store") at the Business Premises.

9. Pursuant to Article 10, Section 10.03 of the July 1, 1997 Agreement, plaintiff must maintain certain products in its inventory defined as "Required Merchandise".

10. Pursuant to Article 10, Section 10.03 of the July 1, 1997 Agreement, in addition to Required Merchandise, plaintiff must purchase items solely from suppliers approved by Mobil, including proprietary products for the Franchise Program; wrappings, cups, containers, napkins, re-fill vessels required by Section 10.02; and, uniforms, signs, interior and exterior décor items, fixtures, furnishings, stationary, business cards, supplies, or other products or materials that bear the Mobil marks.

11. Section 5.3 of the July 1, 1997 Agreement provides a list of recommended "Regional Merchandise Vendors" for the purchase of Required Products and additional items by the plaintiff.

12. The list consists of the following companies as "Primary Merchandise Vendors by Region": McLane Corp. (National), Eby Brown (Illinois, Michigan), CoreMark (California, Arizona, Texas), Stomel Corporation (Northeast and Midatlantic) and H.T. Hackney (Florida)".

13. Stomel Corporation is no longer supplying the Required Products in Connecticut.

14. Eby Brown, Core Mark and H.T. Hackney do not supply the Required Products in Connecticut.

15. McLane is the only distributor offering certain of the Required Merchandise to customers in the Northeastern United States that is approved by Mobil.

16. Plaintiff purchased products from McLane since the execution of the July 1, 1997 Agreement until McLane's refusal to sell products to the plaintiff.

17. Plaintiff, with the knowledge and approval of Mobil, has purchased cigarettes and tobacco products from Manchester Tobacco & Candy Company since the execution of the July 1 Agreement.

18. On several occasions since the execution of July 1, 1997 Agreement, in the presence of a Mobil Territory Manager, McLane asked plaintiff to purchase cigarette and tobacco products from McLane.

19. Plaintiff informed McLane that plaintiff already had a business relationship with a cigarette and tobacco vendor for cigarette and tobacco products.

20. On March 7, 2006, Ken Maag, Regional Sales Manager for McLane, informed plaintiff that McLane would no longer sell any of its products to plaintiff unless plaintiff purchased cigarettes and tobacco from McLane.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

21.    Plaintiff informed Mr. Maag of her decision not to purchase cigarettes and tobacco from McLane, but affirmed her intent to purchase all other goods from McLane.

22.    On March 9, 2006, Mr. Maag confirmed its ultimatum in an email to plaintiff that "[i]n order to continue doing business with you, we will need you to order your cigarettes and smokeless from us". (See Exhibit A")

23.    Since that date, despite repeated attempts by plaintiff to order products other than cigarettes and tobacco from McLane, McLane has refused to conduct any business with the plaintiff.

24.    As a result of McLane's refusal to do business with plaintiff, plaintiff has been forced to obtain certain merchandise, including Required Merchandise from manufacturers and vendors not approved by Mobil at significantly higher prices than offered to customers of McLane.

25.    Additionally, as a result of McLane's ultimatum and refusal to do business with plaintiff, plaintiff is unable to purchase some of the merchandise from any source, causing plaintiff to lose money from the inability to offer such products for sale.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS NO. 24029

## CLAIMS

### FIRST CAUSE OF ACTION: ACTIONS TO RESTRAIN TRADE IN VIOLATION OF SHERMAN ACT §1 (15 U.S.C. §1) AND CLAYTON ACT §3 (15 U.S.C. §14)

26. Plaintiff repeats and realleges its allegations in paragraphs 1-25 with the same force and effect as if set forth in full herein.

27. McLane has tied the plaintiff's purchase of Required Products to the purchase of cigarettes and tobacco products.

28. McLane is the only vendor of Required Products that services Connecticut that is approved by Mobil.

29. McLane is the only vendor that sells Required Products at market prices in Connecticut.

30. The tying arrangement of McLane has anti-competitive effects on the marketplace in discouraging or prohibiting the purchase of cigarettes and tobacco from other sources and foreclosing possible markets and competing supplier of these products.

31. As McLane is the only approved vendor servicing all Mobil convenience stores in New England, the effect of McLane's tying arrangement involves a non-insubstantial amount of interstate commerce.

32. McLane has knowingly and willfully engaged in a pattern of anti-competitive conduct with the specific intent of maintaining an illegal tying arrangement. McLane has created

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

this illegal arrangement to raise profits and diminish competition in the market for cigarettes and tobacco.

33. The actions of McLane have resulted in higher costs to the plaintiff leading to higher prices to the consumer and reduced consumer choice.

34. McLane's tying arrangement has a substantial effect on commerce.

35. McLane's anti-competitive conduct has harmed the plaintiff, including but not limited to causing it to lose business opportunities and revenues.

## SECOND CAUSE OF ACTION: VIOLATON OF C.G.S. §§35-26, 35-28 and 35-29

36. Plaintiff repeats and realleges its allegations in paragraphs 1-35 with the same force and effect as if set forth in full herein.

37. The conduct of McLane outlined above violates C.G.S. §§35-26, 35-28 and 35-29.

## THIRD CAUSE OF ACTION: VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT C.G.S. §42-110a et seq.

38. Plaintiff repeats and realleges its allegations in paragraphs 1-35 with the same force and effect as if set forth in full herein.

39. McLane's tying arrangement is unfair and deceptive and constitutes an unfair method of competition.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361         FACSIMILE (860) 525-4849         JURIS No. 24029

40. McLane's tying arrangement outlined above is unlawful and offends public policy.

41. McLane's tying arrangement outlined above is immoral, unethical, oppressive and unscrupulous.

42. As a result of McLane's tying arrangement the plaintiff, her customers and competitors of McLane have sustained substantial injury and an ascertainable loss, including attorney fees.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS NO. 24029

**WHEREFORE,** plaintiff prays for judgment as follows:

1.  Compensatory damages, which damages are to be trebled;

2.  Treble damages, pursuant to 15 U.S.C. §15(a); C.G.S. §35-35; and C.G.S. §42-110a et seq.;

3.  Punitive damages;

4.  Reasonable attorney fees, pursuant to 15 U.S.C. §15(a);

5.  Costs and disbursements; and

6.  Such other relief as the Court deems just and proper.

PLAINTIFF, LORETTA N. BANSAVICH D/B/A LORI'S MOBIL

By _/s/ Maryanne Charron_
MARYANNE A. CHARRON
Federal Bar No. ct02274
Gordon, Muir and Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106
Telephone (860) 525-5361
Facsimile (860) 525-4849
Email: mcharron@gmflaw.com

::ODMA\PCDOCS\DOCS\427212\1

9

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS NO. 24029