UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT AT HARTFORD

| | |
|---|---|
| LORETTA N. BANSAVICH D/B/A LORI'S MOBIL,<br>　　　　Plaintiff<br><br>VS.<br><br>McLANE COMPANY, INC.,<br>　　　　Defendant | CIVIL ACTION NO.<br>3:07-CV-00702-WWE<br><br><br><br>AUGUST 21, 2007 |

## SECOND AMENDED COMPLAINT

**NATURE OF THE ACTION**

1.　　Loretta N. Bansavich d/b/a Lori's Mobil ("Lori's Mobil" or "plaintiff") seeks compensatory and punitive damages against McLane Company, Inc. ("McLane") arising out of McLane's anti-competitive and exclusionary market activities designed to restrain trade in the market by tying the sale of cigarettes to the sale of other franchise-related products which products are not otherwise available to consumers anywhere other than On The Run Franchises and which products are offered to consumers at special and/or reduced pricing (herein referred to as "Exclusive Product Program").

**PARTIES**

2. Lori's Mobil is a sole proprietorship operated in Colchester, Connecticut at 79 Middletown Road (the "Business Premises").

3. Defendant McLane, a Texas corporation, is a wholesale distributor of grocery and related products for the convenience store industry. As a wholesale distributor of grocery and related products, McLane conducts significant business in the State of Connecticut.

**JURISDICTION AND VENUE**

4. This action is brought under Sections 4 and 16 of the Clayton Act, as amended alleging violations of Section 1 of the Sherman Act, as amended (15 U.S.C. §1) and Section 3 of the Clayton Act (15 U.S.C. §14). This court has jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1337.

5. Venue in this District is proper under Sections 4 and 12 of the Clayton Act, as amended (15 U.S.C. §§15(a) and 22). Lori's Mobil resides and is found in, and transacts and has transacted substantial business in the State of Connecticut.

**FACTUAL BACKGROUND**

6. On October 28, 1994, the plaintiff entered into a PMPA Motor Fuels Franchise Agreement for OG&L Dealers with Mobil Oil Corporation ("Mobil") to operate a gasoline station at the Business Premises.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

7.      Since 1994, plaintiff has purchased cigarettes and tobacco products (herein "Tobacco Products") from Manchester Tobacco & Candy Company for sale at the Business Premises.

8.      On July 1, 1997, plaintiff entered into a Convenience Store Franchise Agreement with Mobil ("July 1, 1997 Agreement") to operate a "Mobil On The Run" convenience store ("OTR") at the Business Premises.

9.      Pursuant to Article 10, Section 10.03 of the July 1, 1997 Agreement, plaintiff must maintain certain products in its inventory defined as "Required Merchandise".

10.     Pursuant to Article 10, Section 10.03 of the July 1, 1997 Agreement, in addition to Required Merchandise, plaintiff must purchase items solely from suppliers approved by Mobil, including proprietary products for the Franchise Program; wrappings, cups, containers, napkins, re-fill vessels required by Section 10.02; and, uniforms, signs, interior and exterior décor items, fixtures, furnishings, stationary, business cards, supplies, or other products or materials that bear the Mobil marks.

11.     Section 5.3 of the July 1, 1997 Agreement provides a list of recommended "Regional Merchandise Vendors" for the purchase of Required Merchandise and additional items by the plaintiff.

3

12. The list consists of the following companies as "Primary Merchandise Vendors by Region": McLane Corp. (National), Eby Brown (Illinois, Michigan), CoreMark (California, Arizona, Texas), Stomel Corporation (Northeast and Midatlantic) and H.T. Hackney (Florida)".

13. Stomel Corporation is no longer supplying the Required Merchandise in Connecticut.

14. Eby Brown, Core Mark and H.T. Hackney do not supply the Required Merchandise in Connecticut.

15. Mobil provides the Exclusive Product Program for the benefit of its OTR franchisees and ultimately the OTR consumer, whereby franchisees are able to offer certain products not otherwise available to consumers anywhere else, but OTR franchises, as well as offer certain products to its customers free of charge or at special or reduced pricing. ("Exclusive Products")

16. McLane is the only distributor to the Northeastern United States of the Exclusive Products that are included in the Exclusive Product Program.

17. Since the execution of the July 1, 1997 Agreement, for approximately ten (10) years, plaintiff has purchased a portion of Required Merchandise and all Exclusive Products from McLane until McLane refused to sell any products to the plaintiff on March 9, 2006.

4

18.     Since the execution of the July 1, 1997 Agreement, plaintiff, with the knowledge and approval of Mobil, purchased Tobacco Products from Manchester Tobacco & Candy Company (the "Competing Vendor").

19.     On several occasions since the execution of the July 1, 1997 Agreement, in the presence of a Mobil Territory Manager, McLane asked plaintiff to purchase Tobacco Products from McLane.

20.     Plaintiff informed McLane that plaintiff already had a business relationship with a Competing Vendor for Tobacco Products and that she preferred to continue to purchase Tobacco Products from that vendor.

21.     On March 7, 2006, Ken Maag, Regional Sales Manager for McLane, informed plaintiff that McLane would no longer sell any of its products (neither Required Merchandise nor Exclusive Products) to plaintiff unless plaintiff agreed to also purchase Tobacco Products from McLane. ("Ultimatum Date")

22.     On March 9, 2006, Mr. Maag confirmed its ultimatum in an email to plaintiff that "[i]n order to continue doing business with you, we will need you to order your cigarettes and smokeless from us". (See Exhibit A)

23.     Since that date, despite repeated attempts by plaintiff to order products other than Tobacco Products from McLane, McLane has refused to supply any products to plaintiff.

5

24. As a result of McLane's ultimatum and refusal to do business with plaintiff, plaintiff is unable to purchase Exclusive Products and therefore unable to offer such Exclusive Products for sale.

## CLAIMS

### FIRST CAUSE OF ACTION: ACTIONS TO RESTRAIN TRADE IN VIOLATION OF SHERMAN ACT §1 (15 U.S.C. §1) AND CLAYTON ACT §3 (15 U.S.C. §14)

25. Plaintiff repeats and realleges its allegations in paragraphs 1-24 with the same force and effect as if set forth in full herein.

26. McLane has tied the plaintiff's purchase of Exclusive Products to the purchase of Tobacco Products.

27. The relevant market is the Exclusive Product Program and the Exclusive Products included therein.

28. Although plaintiff has been able to substitute Required Merchandise such as cups, napkins and coffee, there is no substitute available for the Exclusive Products in the Exclusive Product Program. Moreover, there is no ability to reasonably interchange these Exclusive Products, as the products do not exist anywhere else for sale.

29. McLane is the only vendor of Exclusive Products that services the Northeast.

30. As the sole vendor of such Exclusive Products, McLane has significant market power in the market for such products.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361        FACSIMILE (860) 525-4849        JURIS NO. 24029

31. Plaintiff could not reasonably anticipate McLane's coercion or exploitation of McLane's market power, particularly since plaintiff had been purchasing Required Merchandise and Exclusive Products from McLane without also purchasing Tobacco Products for approximately ten (10) years prior to March 7, 2006, the Ultimatum Date.

32. Plaintiff, despite the assistance of Mobil and OTR franchise coordinators, has not been able to reasonably protect herself, as she is unable to obtain the Exclusive Products from other sources, including rivals of McLane.

33. The tying arrangement of McLane has anti-competitive effects on the Competing Vendor and other vendors of Tobacco Products in discouraging or prohibiting the purchase of cigarettes and tobacco from sources other than McLane.

34. As McLane is the only vendor selling certain Exclusive Products to Mobil OTR in New England, the effect of McLane's tying arrangement involves a non-insubstantial amount of interstate commerce.

35. McLane has knowingly and willfully engaged in a pattern of anti-competitive conduct with the specific intent of maintaining an illegal tying arrangement. McLane has created this illegal arrangement to diminish competition in the market for Tobacco Products.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

**SECOND CAUSE OF ACTION: VIOLATON OF C.G.S. §§35-26, 35-28 and 35-29**

36.     Plaintiff repeats and realleges its allegations in paragraphs 1-35 with the same force and effect as if set forth in full herein.

37.     The conduct of McLane outlined above violates C.G.S. §§35-26, 35-28 and 35-29.

**THIRD CAUSE OF ACTION: VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT C.G.S. §42-110a et seq.**

38.     Plaintiff repeats and realleges its allegations in paragraphs 1-37 with the same force and effect as if set forth in full herein.

39.     McLane's tying arrangement is unfair and deceptive and constitutes an unfair method of competition.

40.     McLane's tying arrangement outlined above is unlawful and offends public policy.

41.     McLane's tying arrangement outlined above is immoral, unethical, oppressive and unscrupulous.

42.     As a result of McLane's tying arrangement the plaintiff, Competing Vendor and other vendors of Tobacco Products have sustained substantial injury and an ascertainable loss, including attorney fees.

**WHEREFORE,** plaintiff prays for judgment as follows:

1.  Compensatory damages, which damages are to be trebled;

2.  Treble damages, pursuant to 15 U.S.C. §15(a); C.G.S. §35-35; and C.G.S. §42-110a et seq.;

3.  Punitive damages;

4.  Reasonable attorney fees, pursuant to 15 U.S.C. §15(a);

5.  Costs and disbursements; and

6.  Such other relief as the Court deems just and proper.

        PLAINTIFF, LORETTA N. BANSAVICH D/B/A
        LORI'S MOBIL

By *[signature]*
        MARYANNE A. CHARRON
        Federal Bar No. ct02274
        Gordon, Muir and Foley, LLP
        10 Columbus Boulevard
        Hartford, CT 06106
        Telephone (860) 525-5361
        Facsimile (860) 525-4849
        Email: mcharron@gmflaw.com

## CERTIFICATION OF SERVICE

I hereby certify that on the 21st day of August, 2007, a copy of the foregoing Second Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

_____
MARYANNE A. CHARRON

::ODMA\PCDOCS\DOCS\444992\2

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361         FACSIMILE (860) 525-4849         JURIS NO. 24029